# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| STATE OF DELAWARE, | ) | |
| | ) | |
| | ) | |
| v. | ) | ID Nos. 1703012008 & |
| | ) | 1703012169 |
| | ) | |
| DARIUS K. JOHNS, | ) | Cr. A. Nos. IN17-03-1270, - 1280, |
| | ) | -1695, and -1292 |
| Defendant | ) | |

Submitted: September 27, 2019
Decided: December 3, 2019

## ORDER DENYING SECOND MOTION TO REDUCE OR MODIFY SENTENCE

This 3rd day of December, 2019, upon consideration of the Defendant

Darius K. Johns' Second Motion for Sentence Reduction or Modification (D.I. 19*),

the State's response (D.I. 21), and the record in this matter, it appears to the Court

that:

(1)     On October 17, 2017, Defendant Darius K. Johns pleaded guilty to one

count of Robbery Second Degree, one count of Robbery First Degree, one count of

Possession of a Firearm by a Person Prohibited ("PFBPP"), and one count of

Conspiracy Second Degree[1] in exchange for dismissal of the remaining indicted

---

*     To avoid confusion, unless otherwise specified, all docket entries cited will be those from
Case No. 1703012169.

-1-

charges and a favorable sentence recommendation by the State (no more than the applicable twenty-year minimum).[2]

(2) Johns' sentencing occurred several months later, after a pre-sentence investigative report had been prepared and the State had filed an habitual criminal petition. Johns was sentenced: (a) for Robbery Second Degree (IN17-03-1270) – five years at Level V to be served under the provisions of the Habitual Criminal Act;[3] (b) for PFBPP (IN17-03-1695) – ten years at Level V; (c) for Robbery First Degree (IN17-03-1280) – 25 years at Level V, suspended after serving five years for diminishing levels of supervision; and (d) for Conspiracy Second Degree (IN17-03-1292) – two years at Level V that was suspended in whole for probation.[4] Johns' cumulative 20-year term of unsuspended imprisonment is comprised wholly of

---

[1] Plea Agreement and TIS Guilty Plea Form, *State v. Darius K. Johns*, ID Nos. 1703012008 & 1703012169 (Del. Super. Ct. Oct. 17, 2017). *See also* DEL. CODE ANN. tit. 11, § 831 (2016) (robbery in the second degree); *id.* at § 832 (robbery in the first degree); *id.* at § 1448 (PFBPP); and *id.* at § 512 (conspiracy in the second degree).

[2] Johns also admitted that he violated the terms of his probated sentence stemming from a prior first-degree robbery conviction. At sentencing for this case, he was discharged as unimproved from the remainder of that sentence and the Court need not address it here.

[3] DEL. CODE ANN. tit. 11, § 4214(a) (2016) (providing that a person who has been twice previously convicted of a Title 11 violent felony and is thereafter convicted of another Title 11 violent felony is declared to be an habitual criminal; the Court is then obliged to impose certain minimum sentences and may, in its discretion, impose a sentence of up to life imprisonment for that third or any subsequent violent felony).

[4] Sentencing Order, *State v. Darius K. Johns*, ID Nos. 1703012008 & 1703012169 (Del. Super. Ct. Feb. 16, 2018).

-2-

minimum terms of incarceration that must be imposed and cannot be suspended.[5]

And Johns' several terms of unsuspended incarceration were ordered, as then-required, to be served consecutively.[6]

(3) Johns filed no direct appeal from his convictions or sentence. Instead, he docketed a motion under Superior Court Criminal Rule 35(b)[7] requesting reduction of his cumulative 20-year Level V term.[8] That motion was denied.[9]

---

[5] DEL. CODE ANN. tit. 11, § 831 (2016) (robbery in the second degree is a class E felony); *id.* at tit. § 4205(b)(5) (statutory maximum sentence for a class E felony is five years imprisonment); *id.* at § 4214(d) ("Any person who has been 2 times convicted of a Title 11 violent felony . . . shall receive a minimum sentence of the statutory maximum statutory penalty provided elsewhere in [Title 11] for the third or subsequent Title 11 violent felony which forms the basis of the State's petition to have the person declared to be an habitual criminal. . . ."); *id.* at § 832(b)(2) ("any person convicted of robbery in the first degree shall receive a minimum sentence of . . . [f]ive years at Level V, if the conviction is for an offense that was committed within 10 years of the date of a previous conviction for robbery in the first degree"); and *id.* at § 1448(e)(1)(c) ("Notwithstanding any provision of this section or Code to the contrary, any person who is a prohibited person as described in this section and who knowingly possesses . . . or controls a firearm . . . while so prohibited shall receive a minimum sentence of [t]en years at Level V, if the person has been convicted on 2 or more separate occasions of any violent felony.").

[6] Johns' terms of incarceration for first-degree robbery and PFBPP (because he was previously convicted of a Title 11 violent felony) could not, under then-extant law, be imposed to be served concurrently either with each other or with any other sentence of confinement imposed. *Id.* at § 3901(d).

[7] Super. Ct. Crim. R. 35(b) (providing that, under certain conditions, the court may reduce a sentence of imprisonment on an inmate's motion); *Jones v. State*, 2003 WL 21210348, at *1 (Del. May 22, 2003) ("There is no separate procedure, other than that which is provided under Superior Court Criminal Rule 35, to reduce or modify a sentence.").

[8] D.I. 17.

[9] *State v. Johns*, 2018 WL 2753796 (Del. Super. Ct. June 7, 2018).

(4) Johns has now docketed another Rule 35(b) motion requesting reduction of his Level V term.[10] He asks now that the Court order his mandatory terms of confinement imposed for his robberies and PFBPP to run concurrently.[11] In effect, this would reduce his prison term by cutting it in half. Johns suggests this relief is both permitted by the most recent amendment of 11 *Del. C.* § 3901(d) and constitutionally required.[12]

(5) The Court may consider such a motion "without presentation, hearing or argument."[13] The Court will decide his motion on the papers filed and the complete record in Johns' case.

(6) When considering motions for sentence reduction or modification, this Court addresses any applicable procedural bars before turning to the merits.[14]

(7) As our Supreme Court and this Court have consistently held, Rule 35(b) prohibits consideration of repetitive requests for sentence reduction or

---

[10] D.I. 19; *Jones v. State*, 2003 WL 21210348, at *1 (Del. May 22, 2003) ("There is no separate procedure, other than that which is provided under Superior Court Criminal Rule 35, to reduce or modify a sentence.").

[11] Def. 2nd Rule 35(b) Mot., at 1, 3.

[12] Def. 2nd Rule 35(b) Mot., at 2.

[13] Super. Ct. Crim. R. 35(b).

[14] *State v. Redden*, 111 A.3d 602, 606 (Del. Super. Ct. 2015).

-4-

modification.[15] There is no exception to the repetitive motion bar.[16] And accordingly, the Court must deny Johns' Rule 35(b) motion on this basis alone.[17]

(8) To the extent Johns believes that § 3901(d)'s 2019 amendment[18]—which recently further expanded a Delaware sentencing judge's authority to impose concurrent, rather than consecutive terms of confinement—provides some exceptional avenue for relief under Rule 35(b),[19] he, like many fellow inmates, is wrong.[20] "Rule 35(b) is not now, nor ever has been, an instrument for reexamination of previously imposed sentences in light of subsequent statutory changes."[21]

(9) Lastly, Johns is demanding retroactive application of the 2019 Amended Sentencing Act—a sentencing reform measure enacted while he was already in prison serving his sentence. As this Court held recently, "the General Assembly neither provided for such retroactivity explicitly nor included special

---

[15] *State v. Culp*, 152 A.3d 141, 145 (Del. 2016); *Redden*, 111 A.3d at 608–09.

[16] *Culp*, 152 A.3d at 144; *Redden*, 111 A.3d 608–09.

[17] *Culp*, 152 A.3d at 145; *Redden*, 111 A.3d 608–09.

[18] *See* 82 DEL. LAWS ch. 66, § 1 (2019) (*amending* DEL. CODE ANN. tit. 11, § 3901(d)).

[19] Def. 2nd Rule 35(b) Mot., at 2 (suggesting § 3901(d)'s amendment is an "extraordinary circumstance" under Rule 35(b)).

[20] *See State v. Tebbens*, 2019 WL 6249418, at *2 (Del. Super. Ct. Nov. 22, 2019).

[21] *State v. Thomas*, --- A.3d ---, 2019 WL 5704287, at *2 (Del. Super. Ct. Oct. 31, 2019).

procedures to address its retrospective application."[22] Thus, application of the 2019 Amended Sentencing Act to modify the terms of Johns' sentence and allow certain periods of his confinement to run concurrently is prohibited under Delaware law.[23] And mere incantation of Federal Constitutional provisions and inapplicable federal habeas case law does nothing to assist Johns' effort to gain sentence reduction.[24]

(10) Johns relies heavily on *Teague v. Lane*.[25] In *Teague*, the United States Supreme Court articulated the general rule of non-retroactivity for cases on federal habeas review.[26] Shortly thereafter, in *Flamer v. State*, our Supreme Court adopted the same general rule of non-retroactivity for cases on Delaware state postconviction review.[27]

(11) Under that non-retroactivity rule, a court reviewing one's collateral application that seeks to set aside his judgment of conviction "need apply only the ***constitutional standards*** that prevailed at the time the original proceedings took

---

[22]     *Thomas*, --- A.3d ---, 2019 WL 5704287, at \*5.

[23]     *Id.*

[24]     Def. 2ⁿᵈ Rule 35(b) Mot., at 2 (Suggesting amendment of § 3901(d) without application to those previously sentenced would subject those sentenced inmates to "selective punishment" based on their "certain class and ethnic group" and therefore violate the Article I, Sections 7 and 11 of the Delaware Constitution or the Eighth Amendment of the United States Constitution.).

[25]     489 U.S. 288 (1989).

[26]     *Id.* at 306-09.

[27]     585 A.2d 736, 749 (Del. 1990).

place."[28] The 2019 Amended Sentencing Act is no "new rule" of constitutional dimension nor any expression of some binding constitutional standard;[29] it is, rather, a state sentencing reform passed by the Delaware General Assembly based on its current legislative judgment of appropriate criminal sentencing ranges and practices.

(12) And even if the two *Teague-Flamer* exceptions to non-retroactivity could be invoked here,[30] they are inapplicable to the 2019 Amended Sentencing Act's passage. The first exception to the general rule of non-retroactivity on collateral review deals with situations where previously criminal conduct has been held to be constitutionally protected activity.[31] The 2019 Amended Sentencing Act did no such thing. The second exception encourages application of a newly announced "watershed rule" of criminal procedure that is implicit in the concept of

---

[28] *Flamer*, 585 A.2d at 749.

[29] *Id.* (Explaining that it (and *Teague*) were developing and adopting a retroactivity analysis applicable to "new constitutional rules of criminal procedure" and that "[a] *case* announces a 'new rule' when it breaks new ground or imposes a new obligation on the states or federal government or if the result was not *dictated* by precedent existing at the time a defendant's conviction became final.") (certain emphasis in original and certain emphasis added).

[30] *Id.* ("[N]ew constitutional rules of criminal procedure will *not* be applicable to those cases which have become final before the new rules are announced, unless the rules fall within one of two exceptions.").

[31] *Id.* ("Under the first exception, a new rule should be applied retroactively if it places certain kinds of primary, private individual conduct beyond the power of the criminal lawmaking authority to proscribe.") (internal citations omitted).

ordered liberty.[32] To qualify as a "watershed" rule of criminal procedure, the rule must not only improve the accuracy with which defendants are convicted or acquitted, but must also alter our understanding of the bedrock procedural elements essential to the fairness of a proceeding.[33] The 2019 Amended Sentencing Act does no such thing. In short, there is no constitutional imperative for retroactive application of the 2019 Amended Sentencing Act to those already imprisoned and serving their pre-Act sentences.

**NOW, THEREFORE, IT IS ORDERED** that Darius K. Johns's second motion for reduction or modification of his term of imprisonment is **DENIED**.

**SO ORDERED this 3ʳᵈ day of December, 2019.**

**Paul R. Wallace, Judge**

Original to Prothonotary

cc:    James K. McCloskey, Deputy Attorney General
      Mr. Darius K. Johns, *pro se*
      Investigative Services Office

---

[32] *Id.* (Observing that the *Teague* plurality would restrict this exception "to those new procedures without which the likelihood of an accurate conviction is seriously diminished.") (quoting *Teague*, 489 U.S. at 313).

[33] *Whorton v. Bockting*, 549 U.S. 406, 416 (2007).

-8-